### Monte and Murphy Trusts

*J. Pennington Straus,* of *Schnader, Harrison, Segal & Lewis,* for accountant.

KLEIN, A. J., April 25, 1973.—The reason for filing the present account is the death on July 27, 1972, of P. Waldo Otto, life income beneficiary, whereupon under the terms of the deed of trust the trust terminated and the principal and undistributed income became payable to the persons and in the proportions set forth in Item FIRST thereof.

The names of the remaindermen and all other essential facts pertaining to the terms of the trust and related matters are set forth in the statement of proposed distribution. It is recited therein that there are three remaindermen who are under 21 years of age: Louise O. Monte born June 21, 1952, Jane K. Murphy born January 18, 1954, and Sara Murphy born May 7, 1959. The deed provides in Item FOURTH that if, upon termination of the trust, any beneficiary is a minor, the trustee may, with the consent of the minor's parents, continue the minor's share in trust until he reaches age 21. The trustee and the parents of these three beneficiaries have determined that it would be more economical to distribute outright the shares of Louise O. Monte and Jane K. Murphy, who are over 18, after obtaining their written releases, and to place the share for Sara Murphy, who is 13, in a restricted savings account. They have requested that distribution be made accordingly.

It is clear that the language of the deed of trust, a certified copy of which is annexed, regarding trust property which vests in a minor, is precatory only and does not require that such property be continued in trust.

Although we expressed some reservations at the audit to the release of funds to persons who are under 21, we now believe that the facts in this case justify the distribution suggested by the accountant. Louise O. Monte will be 21 on June 21, 1973, and Jane K. Murphy will be 21 on January 18, 1975. The amount each is entitled to is stated to be approximately $7,000 to $8,000. The relevant language used by the settlor in Item FOURTH of the deed of trust is as follows:

"If at the termination of the trust, all or any part of the trust property or accumulated income shall vest in absolute ownership in a minor or minors, the Trustee is authorized and empowered in its discretion, but only if both parents of any minor so consent, to hold the property so vested in such minor, or any part thereof, in a separate fund for the benefit of such minor, notwithstanding that such property may consist of investments not authorized by law for trust funds, and to invest and reinvest the same, collect the income therefrom and, during the minority of such minor, to apply so much or all of the principal thereof and so much of the net income therefrom and any accumulated income to the support, education and maintenance of such minor, as the Trustee shall see fit, and to accumulate, invest and reinvest the balance of said income until such minor shall attain the age of twenty-one (21) years, and thereupon to pay over the then principal, together with any accumulated income, to such minor, and if such minor shall die before attaining the age of twenty-one (21) years, then upon the death of such minor, the then principal, together with any accumulated income, shall be paid over to the estate of such minor. The authority conferred upon the Trustee by this Article shall be construed as a power only, and shall not operate to suspend the absolute ownership of such property by such minor or to prevent the absolute vesting thereof in such minor."

It is clear to us that the proposed distribution does not in any way do violence to the intent of the settlors nor is it contrary to the terms of the deed of trust. It is entirely discretionary with the parents of these three beneficiaries whether their vested remainders are to be continued in trust and they have exercised that discretion by opting for distribution. Item ELEVENTH of the deed of trust directs that all questions pertaining to its validity, construction and administration are to be determined in accordance with Pennsylvania law, which now provides that minority ends at age 18. For all of these reasons, we approve the distribution of principal and income to Louise O. Monte, Jane K. Murphy and Sara Murphy in the manner suggested by the accountant. . . .

And now, April 25, 1973, the account is confirmed nisi.